## Meyer v. American Stores, Co., Appellant.

Argued October 22, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*L. Halpern Miller,* and with him *Richard A. Smith,* for appellant.

*Edward N. Polisher,* for appellee.

OPINION BY KELLER, J., December 12, 1930:

These cases were tried by a judge of the municipal court without a jury. They are actions of trespass growing out of a right angle collision between two automobile trucks. The plaintiff, Meyer, was traveling eastward on Brown Street at about 1:45 o'clock P. M. When he got to the west house line of Fifth Street he saw a truck, which proved to be defendant's, approaching from the south. When asked where this truck then was, he said "He passed Fairmount Avenue coming toward the north." When asked how far away "in terms of feet," he said "about 175 feet away from me."

Meyer proceeded and when in the middle of the street he saw defendant's truck about 75 feet away, coming very fast. Before he could clear the intersection he was run into by defendant's truck, with resultant injuries to Meyer and the minor plaintiff, Aron. The testimony showed that Meyer was traveling eight or ten miles an hour while defendant's truck was going thirty to thirty-five miles an hour.

Appellant's counsel frankly admits that if defendant's truck was 175 feet away when Meyer was at the house line of Fifth Street, he has no ground for appeal; that the case was then for the judge as a trier of fact. But he assumes that defendant's truck was then at Fairmount Avenue and that Fairmount Avenue was four hundred or five hundred feet south of Brown Street, and insists that in those circumstances the collision was impossible of occurrence. But it did occur. Plaintiff's testimony might be construed as meaning either that defendant had passed or was passing Fairmount Avenue when the former was approaching the Fifth Street house line. He was, however, positive in his assertion, repeated several times, that the defendant's truck was distant about 175 feet when he came to the house line. It was for the trier

of fact to reconcile the evidence, if possible. Furthermore there is no competent proof in the case as to the distance between Brown Street and Fairmount Avenue. The only evidence on the subject is the reply of defendant's witness, Coldbaum, to his counsel's question: "Have you any idea of what the distance would be from Fairmount Avenue to Brown Street?" A. "It is irregular around there, the streets shoot in at all angles, the average down there would be around four or five hundred feet, Poplar Street shoots in at an angle." Exact mathematical calculations, designed to prevent a plaintiff's recovery on the ground of physical impossibility, cannot be based on such inexact, uncertain testimony.

The judgments are affirmed.